Dear Commissioner Drennen:
This office is in receipt of your August 7, 1998 letter to Attorney General Ieyoub requesting an opinion on several questions related to reinsurance. We now respond to these in the order propounded.
First: Is a reinsurance company required to go through an insurance agent?
Actually a "reinsurance intermediary-broker"[1] is the proper term for the function performed by "agents" in the reinsurance field. Reinsurance intermediary law in is covered under Part XXV-D of the Insurance Code found at LSA-R.S. 22:1210.20-1210.31. The reinsurance intermediary law covers such topics as licensing of intermediaries, books and records required of reinsurance intermediary-brokers, duties of insurance companies utilizing the services of a reinsurance intermediary-broker, etc. However, in this body of law, we see no absolute mandate that an intermediary-broker must be used to broker a reinsurance cessation treaty. However, as a practical matter the use of these intermediary-brokers is very common in the insurance industry.
Second: Can the reinsurance company bid direct (not go through a fronting insurance company) as long as it is admitted to do business in the State of Louisiana?
A review of the Insurance Code in general, plus the reinsurance and intermediary law in particular, did not reveal any prohibition to a reinsurance company directly bidding business.
The following is offered to expand on what it takes to be "admitted" to do business. The reinsurance law is found at Part XX of the insurance code at LSA-R.S. 22:941-948. Section 941 covers reinsurance credits[2] and provides conditions wherein, "credit for reinsurance shall be allowed a domestic ceding insurer (such as ORM) as either an asset or deduction from liability," when the assuming insurer (the reinsurance company) satisfies the requirements identified in the statute. It is important to understand the terminology used in this statute. ORM would be a "ceding insurer" or the party desiring to obtain coverage. The "assuming insurer" would be the reinsurance company. Credit on financial statements is allowed to the ceding insurer when the reinsurance is ceded to an assuming insurer which is authorized in Louisiana. An authorized insurer is identified as one which holds a certificate of authority to transact insurance or reinsurance. This statute also allows credit when reinsurance is ceded to an assuming insurer which is accredited as a reinsurer in this state. The statute specifically lists what is needed to become accredited and is attached for your convenience.
In short, the reinsurer does not have to be "authorized" (admitted) to do business in Louisiana. However, the reinsurer in the alternative must become "accredited" under this statute.
Third: Does R.S. 22:1257 apply to reinsurance companies in the same manner as insurance companies?
No. LSA-R.S. 22:1257[3] is specifically excepted from the reinsurance law. LSA-R.S. 22:1269, the code section that provides exemptions to unauthorized insurance, provides that the provisions of R.S. 22:1256 through 22:1268 (i.e. 22:1257) and of 22:1270
controlling the placing of insurance with unauthorized insurersshall not apply to reinsurance.
Further support for this interpretation may be found in LSA-R.S.22:1249.1 which concerns the placement of insurance business; prohibition and exclusions. The statute is also found in the part of the Insurance Code that deals with "unauthorized insurance". This section is specific in that it shall not apply to the placement of reinsurance providing that such reinsurer meets requirements further listed in the statute, unless waived by the commissioner. Copies of 22:1269 and 22:1249.1 are enclosed for your convenience.
We hope you will find these comments to be useful.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ J. BRADLEY OVERTON Assistant Attorney General
JBO:gsf
[1] A reinsurance intermediary-broker is defined at LSA-R.S.22:1210.21. By definition an intermediary broker is "any person other than an officer or employee of the ceding insurer, who solicits, negotiates, or places reinsurance cessions or retrocessions on behalf of a ceding insurer without the authority or power to bind reinsurance on behalf of such insurer." Further, clarification of the terminology used in this definition is as follows:
A ceding insurer would be ORM the party seeking to obtain reinsurance.
Reinsurance cession or retrocession — a cession is in simple terms an indemnity agreement between the ceding insurer and the assuming insurer binding the latter to accept certain reinsurance business from the former. A retrocession generally occurs when the assuming insurer then re-insures (retrocedes) its risk with another insurance company.
[2] The reinsurance credits referred to in this statute are used when the ceding insurer files financial statements with the Department of Insurance. The ceding insurer is allowed to deduct premiums paid to assuming reinsurers as well as reduce their liability for the ceded block of business on their financial statements. The net effect of reinsurance is to reduce risk and improve financial stability.
[3] 1257. Surplus line from unauthorized insurers
If certain insurance coverages cannot be procured from authorized insurers, such coverages, hereinater designated as "surplus lines" may be procured from unauthorized insurers provided that the insurance is procured through a licensed surplus line broker.